## AMERICAN TOBACCO CO., Inc., v. GORDON.

## GORDON v. AMERICAN TOBACCO CO., Inc.

(Court of Appeals of District of Columbia. Submitted November 11, 1925. Decided December 7, 1925.)

Nos. 1765, 1766.

1. Trade-marks and trade-names and unfair competition ⬯43—When trade-marks are appropriated to merchandise of same descriptive qualities stated.

Two trade-marks are appropriated to merchandise of same descriptive properties, within Trade-Mark Act 1905, § 5 (Comp. St. § 9490), when the general and essential characteristics are the same, or such sameness in distinguishing characteristics exists as is likely to result in confusion and deception of public.

2. Trade-marks and trade-names and unfair competition ⬯43—Registration of mark will not deprive opposer of any rights, and cases involving unfair competition not pertinent.

Cases involving trade-mark infringement and unfair competition are not pertinent to statutory opposition proceeding, as the registration of a trade-mark does not deprive opposer of any rights it may have in an unfair competition suit.

**3. Trade-marks and trade-names and unfair competition ☞43—Cigarette holders and like merchandise held not possessed of same "descriptive properties" as cigarettes, within Trade-Mark Act.**

Pipes, cigar and cigarette holders, pouches, tobacco bags, humidors, and cigar and cigarette containers *held* not possessed of same "descriptive properties" as cigarettes, within meaning of Trade-Mark Act 1905, § 5 (Comp. St. § 9490), so as to prevent registration.

Appeal from Commissioner of Patents.

Proceeding by Samuel Gordon for registration of trade-mark, opposed by the American Tobacco Company, Inc. From a decision of the Commissioner of Patents, holding that goods of respective parties, except in one particular, did not possess the same descriptive properties, and granting registration, both parties appeal. Affirmed on appeal of opposer; reversed on appeal of applicant.

T. J. Johnston, of New York City, for American Tobacco Co.

E. M. Kitchin, of Washington, D. C., for Gordon.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office, in a trade-mark opposition proceeding, dismissing in part and sustaining in part the opposition to the registration by the party Gordon of the words "Pall Mall" as a trade-mark for pipes, cigar and cigarette holders, pouches, tobacco bags, humidors, and cigar and cigarette containers.

Long prior to the adoption of this mark by Gordon, the American Tobacco Company had adopted and very extensively used the mark on cigarettes, and contends that this use also had extended to cigarette containers. The Examiner ruled that cigarettes and the goods to which applicant's mark is applied are goods of different descriptive properties, within the meaning of the Trade-Mark Act, and that opposer's use of the mark in connection with cigarette containers was not a trade-mark use. The Assistant Commissioner agreed with the Examiner, except as to cigarette holders, with respect to which he sustained the opposition.

The Trade-Mark Act of 1905 (33 Stat. 724, § 5 [Comp. St. § 9490]), prohibits the registration of trade-marks identical with or deceptively similar to a known trade-mark, "and appropriated to merchandise of the same descriptive properties." Since the marks of the two parties in this case are identical, the only question here is whether these marks are applied to goods of the same descriptive properties, within the meaning of the statute.

[1] We have ruled that two trade-marks may be said to be appropriated to merchandise of the same descriptive properties, in the statutory sense, when the general and essential characteristics of the goods are the same; that is, where there is such a sameness in the distinguishing characteristics as to be likely to result in confusion in the trade and deception of the public. Phœnix P. & V. Co. v. John T. Lewis & Bro., 32 App. D. C. 285. Under this interpretation, we have denied the right of registration where the goods of the respective parties have been capable of being applied to the same general use. Thus, in N. Wolf & Sons v. Lord & Taylor, 41 App. D. C. 514, we held that hosiery and knitted underwear were goods of the same descriptive properties, since their essential characteristics were similar and both were used as articles of clothing. And in Anglo-American Incand. L. Co. v. General Elec. Co., 43 App. D. C. 385, gas mantles and incandescent electric lamps were held to be capable of the same general use and of the same descriptive properties.

We now are asked to go a step farther, and rule that goods capable of a conjoint use possess the same descriptive properties. In our view, however, the statute does not permit of such an interpretation. Whether the qualifying words, "goods of the same descriptive properties," aptly express the legislative intent, is not for us to determine. The statute must be taken as it is found, and, when so interpreted, we see no escape from the conclusion that cigarettes, pipes, and tobacco containers are goods of different descriptive properties.

[2] Several trade-mark infringement and unfair competition cases have been cited by the opposer; but, as we many times have suggested, such cases are not pertinent to a statutory proceeding like the present. The registration of this mark will not deprive the opposer of any rights it may have in an unfair competition suit.

[3] We agree with the tribunals of the Patent Office that the use by the opposer of cigarette containers was not a trade-mark use, but we are unable to follow the Assistant Commissioner in his ruling that cigarettes and cigarette holders are goods of the same descriptive properties. They are no more similar, in this sense, than tobacco and pipes

would be. It results that the decision is affirmed as to appeal No. 1765, and reversed as to appeal No. 1766.

Affirmed as to No. 1765.

Reversed as to No. 1766.